1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
7                                    AT SEATTLE

8    ROBERT JESSE HILL,

9                        Plaintiff,                CASE NO. 3:22-cv-05451-RSM-BAT

10        v.                                       **REPORT AND
                                                   RECOMMENDATION TO DISMISS**
11   ISAIAH GARRISON, et al.,

12                       Defendants.

13          Plaintiff, a prisoner at the Washington State Penitentiary at Walla Walla, has filed a 42

14   U.S.C. § 1983 complaint against numerous individuals at the Washington of Corrections;

15   employees of the South Correctional Facility (SCORE) located on Des Moines, Washington; and

16   Tacoma Towing Company.

17          The Court is required to screen prisoner complaints seeking relief against a governmental

18   entities or actors under 28 U.S.C. § 1915A(a) and must "dismiss the complaint, or any portion of

19   the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which

20   relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such

21   relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir.

22   1998). The Court has screened the complaint and concludes it is barred by the statute of

23

REPORT AND RECOMMENDATION TO
DISMISS - 1

limitations.  Because no amendment would overcome this barrier, the Court recommends the case be dismissed without leave to amend.

## BACKGROUND

The present complaint raises claims similar to the claims contained in a complaint Plaintiff previously filed and which was dismissed. The allegations in each of the complaints revolve around the claim that in 2018 various Defendants violated Plaintiff's rights by having him arrested for violations of supervision; having him jailed in violation of the Eighth Amendment; interfering with Plaintiff's right to petition governmental officials regarding the Washington State Department of Corrections; and interfering with his right to access to the Courts.

In *Hill v. Fisch*, 3:22-cv—05320-RSM, Plaintiff alleged that in 2018 various state actors violated his rights by blocking him from contacting elected officials who Plaintiff claims falsely alleged Plaintiff was harassing and threatening individuals. Plaintiff further alleged that as a result, the Department of Corrections imposed certain no-contact conditions regarding Plaintiff's state supervision and then violated Plaintiff on what Plaintiff viewed were "trumped up probation violations for violating one of both of the two separate conditions." The Court entered judgment dismissing this case on June 14, 2022.  On June 17, 2022, Plaintiff filed a motion to reconsider the dismissal.

### A.    Present Complaint

In the present complaint, Plaintiff again alleges that Defendants committed similar violations. In Count I, Plaintiff alleges a violation of "access to courts" under "Bounds v. Smith." In specific, Plaintiff alleges he previously filed two federal complaints in this Court: *Hill v. Pierce County Jail* and *Hill v. Score Jail.* Plaintiff alleges that in this case, Defendant Garrison a

REPORT AND RECOMMENDATION TO
DISMISS - 2

community corrections officer arrested Plaintiff for violating "conditions of release" prohibiting contact with elected officials in Thurston County. Plaintiff contends he was not subject to a hearing for "a mere infraction" and that Garrison refused to give Plaintiff his "legal papers" when he was booked into the Score Jail in April 2018. The two lawsuits mentioned he filed above were thus dismissed.

In Count II, Plaintiff alleges his First Amendment rights were violated by Defendant Garrison on March 30, 2018 because Garrison prevented Plaintiff from contacting elected governmental officials via no-contact supervision conditions and by detaining Plaintiff at the Score Jail. Plaintiff alleges as a result, he could not "express my pollical opinions to the state legislators about problems with DOC."

In Count III, Plaintiff alleges Defendant Angela Stanger, a community corrections officer, violated Plaintiff's right of access to the Courts under "Bounds v. Smith." Plaintiff alleges Stanger conspired with Garrison.

Plaintiff's current complaint also has an additional section that "continues" his statement of claims and alleges Defendant Stanger violated his "First Amendment Right to Petition Government on March 30, 2018; Defendant Garrison falsely arrested Plaintiff on March 30, 2018; Plaintiff's Eighth Amendment rights were violated in April 2018 by Defendant Garrison and John and Jane Doe Defendants at SCORE jail; Garrison and the Doe Defendants conspired against Plaintiff; Defendant Garrison and other Defendants interfered with Plaintiff's right of access to the Courts in November 2018; and Defendant Mason, a community corrections officer, violated Plaintiff's rights by revoking good time in the sentence imposed in Pierce County criminal case number 16-1-04605-5.

The complaint also contains a section entitled "Tolling" in which Plaintiff states he was

REPORT AND RECOMMENDATION TO
DISMISS - 3

1    he was detained pretrial from May 6 2018 to October 21, 2018; March 23, 2019 to August 28,

2    2019, and August 31 2019 to December 20, 2019. Plaintiff alleges "I have 'tolling' that applies to

3    these courts issued to the Washington Statute of RCW 4.14. 190 relates to "incarceration pre-

4    sentence": 450 days!.

5                                    **DISCUSSION**

6        The current complaint alleges Defendants violated Plaintiff's rights in 2018. The

7    complaint thus is untimely. Section 1983 contains no statute of limitations and the Court thus

8    applies the applicable state statute of limitations for the jurisdiction in which the claim arose.

9    *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the three-year

10   limitations period for any other injury to the person or rights of another contained in R.C.W.

11   4.16.080(2)" applies to § 1983 claims. *Id*.

12       Federal law determines when a § 1983 claim accrues. *Two Rivers v. Lewis*, 174 F.3d 987,

13   991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has reason to know of the

14   injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see*

15   *also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Two Rivers*, 174 F.3d at 992).

16   To determine when a claim accrues, the federal court thus focuses on the time-period in which

17   the complained of acts occurred, not on the time period in which the consequences of the acts

18   became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

19       Plaintiff alleges acts that occurred between January and November 2018. He obviously

20   knew about the alleged acts of Defendants as his claims involve being arrested, being jailed,

21   having good time revoked, receiving sanctions for violations of state supervision in his criminal

22   case due to contacts with state government officials.  Plaintiff submitted his complaint for filing

23   on June 16, 2022; the complaint was thus filed outside the three-year statute of limitations and

REPORT AND RECOMMENDATION TO
DISMISS - 4

1    should be dismissed as untimely.

2        Plaintiff contends the three-year Washington Statute of limitations the Court must apply

3    to § 1983 actions was statutorily tolled by RCW 14.16.190. That statute states in pertinent part

4    that while a person "is imprisoned on a criminal charge prior to sentencing, the time of such

5    disability shall not be part of the time limited for the commencement of action." Plaintiff alleges

6    therefore, the time periods for which he was in custody during 2018 and 2019 are excluded from

7    calculating the § 1983 statute of limitations and his complaint is timely.

8        But RCW 4.16.190 applies only to detention on a criminal charge "prior to sentencing."

9    Plaintiff's complaint alleges Washington State Community Corrections Officers Garrison,

10   Stanger and Mason violated his rights in March 2018. The challenge to the actions of these

11   defendants indicates Plaintiff's detention was "post-sentencing" not presentencing. Indeed

12   Plaintiff's complaint indicates he was sanctioned for probation or supervision violations, a

13   sanction he feels should not have been levied. Similarly, Plaintiff alleges Defendant Mason

14   revoked good-time, referencing the 27-month criminal sentence imposed. Thus Defendant

15   Mason's actions also involved post-sentencing, not pre-sentencing detention.

16       Accordingly, as pled, there is no basis to conclude that RCW 14.16.190 tolled the three-

17   year statute of limitations as Plaintiff alleges. The complaint is thus untimely and should be

18   dismissed with prejudice. The Court further recommends leave to amend not be granted as no

19   amendment would cure the deficient complaint. *See Californians for Renewable Energy v.*

20   *California Public Utilities Commission,*922 F.3d 929, 935 (9th Cir. 2019);   *Saul v. United*

21   *States*, 928 F.2d 829, 843 (9th Cir. 1991).

22

23

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order.  Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **July 19, 2022.**  The Clerk should note the matter for **July 22, 2022**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 1st day of July, 2022.

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION TO
DISMISS - 6