UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT JESSE HILL, | Case No. C22-5451-RSM |
| Plaintiff, | |
| v. | ORDER REVOKING IN FORMA PAUPERIS ON APPEAL |
| ISAIAH GARRISON, et al., | |
| Defendants. | |

  This matter comes before the Court on a referral from the Ninth Circuit Court of Appeals to determine whether in forma pauperis ("IFP") status should continue on appeal. Dkt. #19. Pro se Plaintiff Robert Jesse Hill was granted leave to proceed in forma pauperis in this matter on July 1, 2022. Dkt. #4. On September 7, 2022, Magistrate Judge Brian A. Tsuchida found Mr. Hill's complaint barred by the statute of limitations and, because no amendment would overcome this barrier, recommended dismissal without leave to amend. Dkt. #6. The Court adopted this Report and Recommendation and dismissed the case on September 7, 2022. Dkt. #11.

  Where, as here, a party was permitted to proceed IFP in the District Court, the party may proceed on appeal in forma pauperis without further authorization unless the District Court certifies in writing that the appeal is not taken in good faith or that the party is not otherwise entitled to proceed IFP. Fed. R. App. P. 24(a)(3); 28 U.S.C. § 1915(a)(3) ("An appeal may not

ORDER REVOKING IN FORMA PAUPERIS ON APPEAL - 1

be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). An appeal is taken in "good faith" where it seeks review of at least one issue or claim that is found to be "non-frivolous." *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). An issue is "frivolous" where it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Legally frivolous claims are those "based on an indisputably meritless legal theory," such as claims against defendants who are immune from suit or for infringement of a legal interest that clearly does not exist. *Id*. at 327.

In Mr. Hill's 42 U.S.C. § 1983 complaint, he alleges Defendants violated his rights in 2018 and his complaint is thus untimely. Section 1983 contains no statute of limitations, and the Court thus applies the applicable state statute of limitations for the jurisdiction in which the claim arose. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the three-year limitations period for any other injury to the person or rights of another contained in R.C.W. 4.16.080(2)" applies to § 1983 claims. *Id.* Mr. Hill submitted his complaint for filing on June 16, 2022; the complaint was thus filed outside the three-year statute of limitations and was therefore properly dismissed as untimely.

Mr. Hill argued the three-year Washington Statute of limitations the Court must apply to § 1983 actions was statutorily tolled by RCW 14.16.190, but as pled RCW 4.16.190 does not apply to Mr. Hill's complaint which alleges Defendants violated his rights *post-sentencing*. RCW 14.16.190 states in pertinent part that while a person "is imprisoned on a criminal charge prior to sentencing, the time of such disability shall not be part of the time limited for the commencement of action." Mr. Hill alleges therefore, the time periods for which he was in custody during 2018 and 2019 are excluded from calculating the § 1983 statute of limitations and his complaint is timely. However, RCW 4.16.190 applies only to detention on a criminal charge

ORDER REVOKING IN FORMA PAUPERIS ON APPEAL - 2

"prior to sentencing." Mr. Hill's complaint alleges Washington State Community Corrections Officers Garrison, Stanger and Mason violated his rights in March 2018. The challenge to the actions of these defendants indicates Plaintiff's detention was "post-sentencing" not presentencing.

For the reasons set forth above, the Court continues to believe that any appeal of this ruling necessarily lacks an arguable basis in law or in fact. The Court cannot find that Mr. Hill's appeal has been taken in good faith, and maintains that, by its assessment of the proposed complaint, Mr. Hill's claims are legally frivolous or malicious.

Accordingly, the Court hereby FINDS AND ORDERS that Plaintiff's in forma pauperis status is REVOKED.

DATED this 20th day of October, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER REVOKING IN FORMA PAUPERIS ON APPEAL - 3